UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAKSYM TSANKO and
CRYSTAL LOGISTICS, LLC,

    Plaintiffs,

vs.                                                        CASE NO. 1:19-cv-23072-XXXX

ROMAN TRUKHACHOV, TOROS-GROUP PE,
and MEDTEX SP.ZO.O,

    Defendants.
_____/

**TOROS-GROUP PE'S MEMORADUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE CLAIMS FOR RELIEF AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE DISTRICT COURT OF NEW JERSEY**

COME NOW, the Defendants, Toros-Group PE (hereinafter "Toros") and MedTex SP.ZO.O (hereinafter "MedTex"), by and through their undersigned counsel, and hereby file this their Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint for Failure to State Claims for Relief and Improper Venue or, in the Alternative, Transfer Venue to the District Court of New Jersey, and in support thereof, states as follows:

**Background**

On June 19, 2019, the Plaintiffs, Maksym Tsanko (hereinafter "Tsanko") and Crystal Logistics, LLC (hereinafter "Crystal") (collectively, the "Plaintiffs") filed their Complaint (hereinafter the "Complaint" or "Compl.") against the Defendants alleging ten (10) separate causes of action stemming from an alleged business relationship that went awry. Tsanko is a citizen and resident of New Jersey. Compl. ¶ 2. Crystal has its principal

place of business in New Jersey.  Compl. ¶ 3.  Toros is a resident of Ukraine.  Compl.  ¶ 5.  Roman Trukhachov (hereinafter "Roman") is a resident of Poland.  Compl. ¶ 4.  MedTex SP.ZO.O has its principal place of business in Poland.  Compl. ¶ 6.

## **Failure to State Claims for Relief**

As a preliminary matter, the Plaintiffs Complaint must be dismissed for failure to state claims for relief.  Notably, the Plaintiffs bring ten separate counts for relief against each of the Defendants.  Each count incorporates all the prior allegations, including allegations supporting a particular claim for relief.  *See* Compl. ¶ 58 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth at length herein."); *see also id.* ¶¶ 64 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 63 of this Complaint with the same force and effect as if set forth at length herein."); 69 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 68 of this Complaint with the same force and effect as if set forth at length herein."); 77 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 76 of this Complaint with the same force and effect as if set forth at length herein."); 82 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 81 of this Complaint with the same force and effect as if set forth at length herein."); 86 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 85 of this Complaint with the same force and effect as if set forth at length herein."); 92 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 91 of this Complaint with the same force and effect as if set forth at length herein."); 102 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs

1 through 101 of this Complaint with the same force and effect as if set forth at length herein."); 108 ("Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 107 of this Complaint with the same force and effect as if set forth at length herein."). By itself, the Complaint is a quintessential shotgun pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Andersen v. Dist. Bd. Of. Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474-T-30AEP, 2011 WL 2881928, at *2 (M.D.Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *see also Davis v. Cocoa-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("Since 1985 we have explicity condemned shotgun pleadings upward of fifty times." (alteration added)); *Strategic Income Fund*, 305 F.3d at 1295 n.9 ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." (citations omitted)); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."). Consequently, and preliminarily, the Plaintiffs Complaint is defective and must be

dismissed for failure to state claims for relief by impermissibly incorporating all prior allegations, including allegations supporting a particular claim for relief.

### Improper Venue

In addition to not stating claims for relief, the Complaint should also be dismissed for improper venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss …."). The focus of a venue inquiry is on the defendant and any actions taken by the defendant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In paragraph 8 of the Complaint, the Plaintiffs allege that, "[u]pon information and belief, Defendants are engaged in solicitation activities in the State of Florida, and that the acts at issue in this Complaint directed at Plaintiffs are occurring and will occur in the County of Miami-Dade, State of Florida." Even assuming the Plaintiffs bases for venue are true, they are inapposite. The Plaintiffs' Complaint is devoid of any allegations that the Defendants' conduct or any acts with a close nexus to that conduct occurred in Florida.

For the following reasons, venue is improper in the Southern District of Florida, resulting in either this case being dismissed on the basis of improper venue or, alternatively, being transferred to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a); *see also Margulis v. Stryker Corp.*, 377 F.Supp.3d 1367 (S.D.Fla. 2019) (transfer, rather than dismissal, was appropriate pursuant to 28 U.S.C. § 1406(a)).

a.  **28 U.S.C. § 1391(b)(1)**

Under 28 U.S.C. § 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the

district is located." *Id*. Toros is a resident of Ukraine. Compl. ¶ 5. Roman Trukhachov (hereinafter "Roman") is a resident of Poland. Compl. ¶ 4. MedTex SP.ZO.O has its principal place of business in Poland. Compl. ¶ 6. None of the Defendants reside in the State of Florida, and nothing in the Complaint or other pleadings suggest otherwise. Accordingly, venue is not proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(1) since none of the defendants reside in the State of Florida.

b. **28 U.S.C. § 1391(b)(2)**

Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the *events or omissions giving rise to the claim occurred*, or a substantial party of property that is the subject of the action is situation." *Id*. (emphasis added). Since the Plaintiffs' Complaint does not involve any tangible property in the Southern District of Florida, and nothing filed herein suggests otherwise. Since the Complaint lacks any allegations that any property is dispute is in the Southern District of Florida, the focus is solely on where the events or omissions giving rise to the claim occurred. Further, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co.,* 321 F.3d at 1371.

The relevant questions in the instant case are: (1) What acts or omissions "gave rise" to the Plaintiffs claims? And (2) of those acts, did a "substantial part" of them take place in Florida?

> i. *Acts "Giving Rise"*

The Plaintiffs sue for a breach of contract in Count I of their Complaint. In paragraph 16 of the Complaint, the Plaintiffs allege that "the parties accordingly entered into an oral joint venture agreement (the "Agreement"), accompanied and implemented by a series of related written agreements, various steps taken in furtherance thereof, and subsequent modifications, as described below." In paragraph 53 of the Complaint, the Plaintiffs allege that the "Defendants breached their obligations under the Agreement by unilaterally reneging on the promise of splitting the profits from the two sales markets [United States and Europe] and by the aforesaid surreptitious acts to appropriate Plaintiffs' rights in the trademarks and other interests for themselves." These "surreptitious acts" include, Toros commencing an arbitration action in Ukraine on a claim for goods sold and delivered (Compl. ¶ 29), the forging of Tsanko's signature on various fabricated amendments of the Agreement (Compl. ¶ 32), contacting Amazon Europe to change the primary email address of the UFEELGOOD primary email address (Compl. ¶ 36) and sending a "Change of Correspondence Address" form to the United States Patent and Trademark Office (Compl. ¶ 37). None of these acts "giving rise" to the breach of contract are alleged to have occurred in the State of Florida.

In Count II of their Complaint, the Plaintiffs allege a breach of fiduciary duty by the Defendants. The acts "giving rise" to the alleged breach of fiduciary duty all originate with the Defendants alleged obligations under the Agreement, which was supposedly breached. The Plaintiffs do not allege any facts "giving rise" to the breach of fiduciary duty that occurred in the State of Florida.

In Count III of their Complaint, the Plaintiffs allege tortious interference with actual and prospective business opportunities. In support thereof, the Plaintiffs allege the:

> Defendants are willfully, deliberately, and tortuously interfering with Plaintiffs' existing and prospective contractual relations by, *inter alia*, attempting to divert trademark rights and access to the Amazon account set up by Plaintiffs for their own use, in place of Plaintiffs and in usurpation of Plaintiffs' rights therein, and by entering the U.S. market themselves, all to interfere with Plaintiffs' existing and prospective contractual relations.

Compl. ¶ 65. Curiously, none of these acts are alleged to have taken place or occurred in the State of Florida.

In Count IV of their Complaint, the Plaintiffs allege a claim for unjust enrichment. The actions giving rise to the claim for unjust enrichment are that the Plaintiffs made "substantial investments in establishing a market for Defendants' products in the United States, and … in the European market" (Compl. ¶ 70), incurring "advertising expenses in promoting the Toros brand in the United States" (Compl. ¶ 71) and incurring "advertising expenses in promoting the Toros brand in Europe." (Compl. ¶ 72). Remarkably missing is any allegation that the Plaintiffs made substantial investments or incurred expenses in the State of Florida, or more particularly, the Southern District of Florida.

In Count V of their Complaint, the Plaintiffs seek a declaratory judgment that Tsanko is a co-owner of certain trademarks that are registered with the United State Patent and Trademark Office. There is no allegation providing a nexus between those trademarks and the State of Florida. Further, registrants of these trademarks, or owners, are listed with the addresses in the State of New Jersey. Attached hereto as Exhibit "1" are the trademark registrations with the United States Patent and Trademark Office for Toros-Group and UFEELGOOD showing the registrants addresses as the State of New Jersey.

In Count VI of their Complaint, the Plaintiffs seek an accounting of the parties' joint venture. That joint venture is based on the alleged oral contract that is the basis for the Plaintiffs' claims of breach of contract and breach of fiduciary duty. None of the acts "giving rise" to those claims occurred in the State of Florida. Correspondingly, none of the acts "giving rise" to the claim for an accounting occurred in the State of Florida.

In Count VII of their Complaint, the Plaintiffs seek relief for intentional infliction of emotional distress and malicious prosecution. The acts "giving rise" to this claim consist of filing an alleged false police report with Ukranian police (Compl. ¶ 42) and sending a letter to the United States Customs and Immigration Service "leveling baseless and scurrilous charges of alleged immigration fraud." (Compl. ¶ 45). While the Plaintiffs fail to allege that any of those acts occurred in the State of Florida, it holds true that none of those acts could have occurred in the State of Florida.[1]

In Count VIII of the Complaint, the Plaintiffs seek relief for defamation from the same acts "giving rise" to the claim for intentional infliction of emotional distress and malicious prosecution. For the same reasons stated therein, none of the acts "giving rise" to the alleged defamation occurred in the State of Florida.

In Count IX of the Complaint, the Plaintiffs seek a permanent injunction restraining the Defendants from using the Toros or UFEELGOOD trademarks in the United States or directly or indirectly engaging in any acts of interference with the Plaintiffs rights in the trademarks. Compl. ¶ 107. The acts "giving rise" to the need for a permanent injunction

---

[1] Interestingly, the Plaintiffs can quote statements allegedly made in the letter directed to the United States Customs and Immigration Service but fail to attach a copy of the letter to their Complaint. Because they failed to attach a copy, it can be presumed that the Defendants did not send the alleged letter to a United States Customs and Immigration Service office located in Florida.

are the same upon which the claims for breach of contract and breach of fiduciary duty are based. As stated, none of those acts are alleged to have occurred in the State of Florida.

In Count X of the Complaint, the Plaintiffs seek a permanent injunction restraining the Defendants from "directly or indirectly threatening Tsanko or his ex-spouse or engaging in any acts of harassment, including but not limited to the filing of the above-described defamatory statements concerning Tsanko or his ex-spouse to any law enforcement agency, or otherwise making the above described defamatory statements to any person at any time by any method of communication." Compl. ¶ 112. As stated herein, the acts "giving rise" to the claims upon which Count X is based are not alleged to have occurred in the State of Florida. None of the acts upon which the ten separate claims for relief are based occurred in the State of Florida.

    ii.    *"Substantial Part"*

After reviewing the specific acts "giving rise" to the Plaintiffs claims for relief, this Court must find that a "substantial part" of those acts occurred in the Southern District of Florida before finding venue proper under 28 U.S.C. § 1391(b)(2). While certain kinds of acts may be necessary to give rise to the claim, "[o]nly those actions which were, in and of themselves, 'wrongful' or had a 'close nexus' to the wrong could form the basis of proper venue." *Forbes v. Lenox Fin. Mortg. LLC,* No. 08–60455–CIV, 2008 WL 2959727, at *3 (S.D.Fla. July 30, 2008) (quoting *Jenkins Brick Co.,* 321 F.3d at 1371). A central purpose of the federal venue statute is to ensure that a defendant is not "hailed into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)). As

demonstrated on the face of the Plaintiffs' Complaint, and stated more fully herein, none of the alleged acts giving rise to the Plaintiffs' claims occurred in the State of Florida.

    *iii.*    *Conclusion*

In sum, none of the acts "giving rise" to the Plaintiffs' ten separate claims for relief occurred in Florida, much less a "substantial part" of them. Accordingly, venue in the Southern District of Florida is not proper under 28 U.S.C. § 1391(b)(2).

    c.    **28 U.S.C. § 1391(b)(3)**

If venue is found to be improper under both 28 U.S.C. §§ 1391(b)(1) and (b)(2), then an action can be brought in any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(3). For the following reasons, there exists no personal jurisdiction over the Defendants in Florida. "Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Wiggins v. Tigrent, Inc.*, 147 So.3d 76, 85 (Fla. 2d DCA 2014) (internal citations omitted) (quoting *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)).

"A plaintiff establishes general jurisdiction by showing that the defendant engaged in substantial and not isolated activity in Florida, pursuant to Section 48.193(2)." *Id*. at 85. "General jurisdiction under the long-arm statute arises when the defendant engages in substantial and not isolated activities in Florida and arises from a party's contacts in Florida that are unrelated to the litigation." *Id.* (citing *Canale v. Rubin*, 20 So.3d 463, 466 (Fla. 2d DCA 2009)). Here, none of the Defendants are residents of the State of Florida. Further, the Plaintiffs have not alleged that the Defendants engaged in substantial and not isolated

activities in Florida. The Plaintiffs only make the general averment that, "[u]pon information and belief, Defendants are engaged in solicitation activities in the State of Florida, and that acts at issue in this Complaint directed at Plaintiffs are occurring and will occur in the County of Miami-Dade, State of Florida." Compl. ¶ 8. Notably, instead of being based on concrete facts, this averment is instead "upon information and belief." As a result, the Plaintiffs have failed to plead a basis for general jurisdiction over the Defendants, which leads to the conclusion that there is no general jurisdiction.

Absent general jurisdiction, a plaintiff must allege facts enough to support a finding of specific jurisdiction under the Florida long-arm statute found in Section 48.193(a), Florida Statutes. The only allegation relating to Florida is found in paragraph 38 of the Complaint, which states, "[u]pon information and belief, Defendants are planning to attend the 2019 Florida International Medical Expo tradeshow scheduled to take place in Miami from June 26 to June 28, 2019, in which Defendants have reserved a booth to promote and sell the products unilaterally and in violation of the Plaintiffs' exclusive rights." Whether the Defendants would in fact attend the tradeshow had not yet been established at the time the Complaint was filed. Further, the mere attendance at a tradeshow is an insufficient basis to invoke Florida's long-arm statute. Regardless, the Plaintiffs' Complaint fails to contain sufficient allegations to establish either general or specific jurisdiction over the Defendants, and therefore, leads to the conclusion that there is no personal jurisdiction over the Defendants in the Southern District of Florida.

For the foregoing reasons, the Plaintiffs Complaint should be dismissed for improper venue.

**Transfer in Lieu of Dismissal**

Alternatively, should this court find that venue is improper but that the action should not be dismissed, the Defendants request that it be transferred to the District of New Jersey. Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether to transfer a case is left to the sound discretion of the district court." *Roofing Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.* 689 F.2d 982, 985 (11th Cir. 1982). Nonetheless, a transferee court must sit within a district in which the case originally could have been brought, "both with respect to venue and personal jurisdiction." *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b)(2) since a substantial part of the acts giving rise to the ten separate causes of action occurred in the State of New Jersey. Moreover, Toros has domesticated a foreign judgment against Crystal in the State of New Jersey, a copy of which is attached hereto as Exhibit "2." Because Toros has purposefully availed itself of the courts of the State of New Jersey in domesticating its foreign judgment and seeking execution thereon, exercise of personal jurisdiction over Toros in the State of New Jersey in this case, which is inextricably intertwined with any challenge to the foreign judgment would comport with traditional notions of fair play and substantial justice. *See* Summons; Personal Service; In Personam Jurisdiction, NJ R SUPER TAX SURR CTS CIV R. 4:4-4 (restriction on long-arm rule

subject only to due process of law requirements). Accordingly, the District of New Jersey is a proper venue under 28 U.S.C. § 1391(b)(2), and in lieu of dismissal, this action should be transferred there.

### Transfer of Venue for Convenience of the Parties

Should this court determine that venue is otherwise proper in the Southern District of Florida, this case should nevertheless be transferred to the District of New Jersey under 28 U.S.C. § 1404(a). A transfer of venue for convenience of the parties and witnesses for an action brought in federal court is governed by 28 U.S.C. § 1404(a), which provides as follows:

> (a) For the *convenience of the parties and witnesses*, in the interest of justice, a district court may transfer any civil action to any other district or division where it *might have been brought*.

28 U.S.C. § 1404(a) (emphasis added). The standard for transfer under 28 U.S.C. § 1404(a) is subject to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion. *See Brown v. Connecticut Gen. Life. Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir.1991). The burden is on the party seeking a transfer to establish that another district is a more convenient forum than the plaintiff's chosen forum. *Steifel Laboratories, Inc. v. Galderma Laboratories, Inc.*, 588 F.Supp.2d 1336, 1338 (S.D.Fla.2008) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

To determine the propriety of transfer to a different district, courts engage in a two-step analysis under 28 U.S.C. § 1404(a). *Abbate v. Wells Fargo Bank, Nat. Ass'n,* 09–62047–Civ, 2010 WL 3446878, at *4 (S.D.Fla. Aug. 31, 2010). "First, courts determine

whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." *Id.* In deciding the second step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.,* at *5 (citing *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir.2005)). "In order to overcome the presumption in favor of the plaintiff's choice of forum, the movant must show the balance of convenience is 'strongly in favor' of the transfer." *American Aircraft Sales International, Inc. v. Airwarsay, Inc.,* 55 F.Supp.2d 1347, 1351 (M.D.Fla.1999). However, for the reasons set forth herein, the presumption in favor of the plaintiff's choice of forum in this case is given reduced deference.

For the reasons stated herein, the Plaintiffs could have brought their claims against the Defendants in the District of New Jersey since both venue and personal jurisdiction over the Defendants exists there. Further, the weighing of the factors results in the District of New Jersey being a more convenient forum for the parties and witnesses.

a.   **<u>Convenience of the Witnesses</u>**

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted."

*Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 987 (E.D.N.Y.1991). "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide.'" *Fuji Photo Film Co. v. Lexar Media, Inc.,* 415 F.Supp.2d 370, 373 (S.D.N.Y.2006) (quoting *Herbert Ltd. P'ship v. Elec. Arts, Inc.,* 325 F.Supp.2d 282, 286 (S.D.N.Y.2004)).

The Plaintiffs did not identify any witnesses who are located in the Southern District of Florida in their Complaint, but rather the potential witnesses to their claims as stated on the face of the Complaint either reside in a foreign country (Ukraine) or in the State of New Jersey. Further, any witnesses for the Defendants also reside in a foreign country (Ukraine) or the State of New Jersey. Accordingly, convenience of the witnesses weighs in favor of transfer.

b.   *<u>Location of the Evidence</u>*

The "location of the documents and sources of proof" is a factor that weighs in favor of transfer. The documents and other evidence relevant to the Plaintiffs' claims are in either a foreign country (Ukraine) or the State of New Jersey.

c.   *<u>Locus of operative facts</u>*

The locus of operative facts weighs heavily in favor of transfer to the District of New Jersey since a substantial part of the allegations giving rise to the claims in the Complaint occurred there.

  **d.**  *<u>Availability of process to compel witnesses to attend</u>*

    The availability of process to compel witnesses to attend trial is a neutral factor since witnesses relevant to some of the Plaintiffs' claim reside in Ukraine. Further, it is conceivable that the only witnesses who will be present at trial, other than those located in Ukraine, would be the Plaintiffs and Defendants themselves.

  **e.**  *<u>Relative means of the Parties</u>*

    The relative means of the parties is a neutral factor since all the parties involved likely have the means to try the case in either the District of New Jersey or the Southern District of Florida.

  **f.**  *<u>Plaintiffs' Choice of Forum</u>*

    Generally, the plaintiff's choice of forum is given considerable deference. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. *Windmere Corp. v. Remington Products, Inc.,* 617 F.Supp. 8, 10 (S.D.Fla.1985); *Balloveras v. Purdue Pharma Co.,*04–20360, 2004 WL 1202854, at *1 (S.D.Fla.2004); *Amazon.com v. Cendant Corp.,* 404 F.Supp.2d 1256, 1260 (W.D.Wash.2005); *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 987 (E.D.N.Y.1991) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

In this case, the facts giving rise to the Plaintiffs' claim either occurred in the State of New Jersey or in Ukraine. As a result, the Plaintiff's choice to file this suit in the Southern District of Florida does not command a lot of deference, and is in fact, given reduced significance.

### g. *Trial Efficiency and the Interests of Justice*

This factor weighs in favor of transfer since the Plaintiff resides in the District of New Jersey and the Defendants have acknowledged herein that venue and jurisdiction is proper in the District of New Jersey. As a result, holding the trial there would be more efficient, especially for the Plaintiff who is a resident of the District of New Jersey.

Overall, the factors weigh against proceeding to trial in the Southern District of Florida. Ultimately, this is a case about a business relationship that went awry concerning businesses that are located either in the District of New Jersey or Ukraine and have no nexus with the Southern District of Florida. Most importantly, the Plaintiff is in the District of New Jersey. Thus, after a weighing of the factors, this Court should conclude that transfer to the District Court of New Jersey is appropriate.

WHEREFORE, the Defendants respectfully request that this Court:

(1)     Dismiss the Plaintiffs' Complaint for failure to state claims for relief; or

(2)     Alternatively, dismiss the Plaintiffs' Complaint for improper venue; or

(3)     Alternatively, in lieu of dismissing the Plaintiffs' Complaint, transfer this case to the District of New Jersey; or

(4)     Alternatively, transferring this case to the District of New Jersey for the convenience of the parties and witnesses, along with awarding any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been filed with the Clerk of the Court using CM/ECF and served to: Carolyn Wiener, Esq., Jaffe and Ahser, LLP, 1500 Gateway Blvd., Suite 220, Boynton Beach, Florida 33426.

Dated:  July 30, 2019

Respectfully Submitted,

**BERG & KESSLER**

/s/ Bryan S. Kessler

BY:_____

**BRYAN S. KESSLER**
Florida Bar No.:  97974
1872 Tamiami Trail S., Suite D
Venice, Florida 34293
Telephone:   (941) 493-0871
Facsimile:    (941) 201-1601
E-mail:         bryan@bergandkessler.com
*Attorneys for Toros-Group PE and MedTex SP.ZO.O*